# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Foster,<br><br>    Plaintiff,<br><br>v.<br><br>United States of America,<br><br>    Defendant. | No. CV-14-00719-TUC-RCC (DTF)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court are Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Plaintiff's Motion for Leave to Amend Complaint. (Docs. 21, 26.) Defendant responded to the request to amend and replied on its motion to dismiss; Plaintiff responded to the motion to dismiss. (Docs. 27, 28, 31.) Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Ferraro for a report and recommendation. The Magistrate recommends the District Court, after its independent review of the record, enter an order granting Defendant's motion to dismiss for lack of subject matter jurisdiction and granting Plaintiff's request to amend.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Patricia Foster sued the United States under the Federal Tort Claims Act (FTCA). Foster alleges in her Complaint that, on November 19, 2011, George Frye recklessly and negligently operated a motor vehicle, which injured Foster who was riding as a passenger. She alleges that Frye was acting under the direction and supervision of the

Veterans Administration (VA) at the time, and that the United States is liable for the actions of Frye.

## DISCUSSION

Defendant argues that the Court lacks subject matter jurisdiction because Frye was not an employee of the United States at the time of the accident. In response, Plaintiff seeks leave to amend her complaint. The Court will examine its jurisdiction over the original complaint as raised by the motion to dismiss and then evaluate the proposed amendment.

The United States can only be sued to the extent it has expressly waived its sovereign immunity. *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003). The FTCA provides jurisdiction in the district courts for injuries caused by a government employee "if a private person [ ] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In resolving a motion based on subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court may consider evidentiary submissions outside the pleadings. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

**Motion to Dismiss**

According to the evidence submitted by Defendant, from April 2011 to April 2012, Frye was participating in the Compensated Work Therapy (CWT) program at the Southern Arizona VA Health Care System. (Doc. 21, Ex. 1.) CWT "is a vocational rehabilitation program. It contracts with private industry and the public sector to provide its participants with therapeutic and rehabilitative work at VA health care facilities." (*Id.*) The Congressional authorization for the CWT program provides that the participants are not employees of the United States for any purpose. 38 U.S.C. § 1718(a).

Plaintiff does not dispute Defendant's evidence. Plaintiff merely contends she had requested depositions that were not completed. (Doc. 26 at 2.) The parties agreed at the Rule 16 Conference to narrow discovery to subject matter jurisdiction for the first two and a half months. (Doc. 14.) The Court extended this deadline for an additional two

1 months, at Plaintiff's request. (Docs. 24, 25.) Defendant documented its willingness to conduct depositions limited to subject matter jurisdiction, however, Plaintiff's counsel failed to schedule the depositions. (Doc. 28, Exs. 2-6.) Plaintiff requested no discovery assistance from the Court. Because Plaintiff had the opportunity to obtain discovery on subject matter jurisdiction, her failure to submit any evidence is not a defense to Defendant's submission.

The original complaint simply alleged Defendant was liable for the actions of Frye, apparently based on a respondeat superior theory. The uncontested evidence shows Frye was not an employee of the United States at the time of his alleged negligent actions. Therefore, this Court does not have jurisdiction over the original complaint under the FTCA and the motion to dismiss should be granted. *See Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992) (plaintiff must point to "unequivocal waiver of immunity") (quoting *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983)).

**Motion to Amend**

Plaintiff argues that, even if Frye was not a federal employee, the United States is liable based upon negligent entrustment and negligent supervision/training theories. Accordingly, Plaintiff requests leave to amend her complaint to assert three claims. (Doc. 26-2.) The United States responded that the Court lacks subject matter jurisdiction over the proposed claims, therefore, the motion to amend should be denied as futile.

Motions to amend pleadings to add claims are governed by Federal Rule of Civil Procedure 15(a). While the decision to grant or deny a motion to amend is within the discretion of the district court, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). In exercising its discretion, a court must be guided by the underlying purpose of Rule 15: to facilitate decision on the merits rather than on the pleadings or technicalities. *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *Id*. The United States Supreme Court has established that motions to amend should be granted unless the

- 3 -

district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman*, 371 U.S. at 182.

Claim 1

In Claim 1, Plaintiff alleges that Defendant is liable for the actions of Frye as an agent of the United States, pursuant to respondeat superior. Because Defendant's evidence that Frye was not an employee is uncontested, the FTCA does not apply. The Court lacks jurisdiction over this proposed claim.

Claim 2

In Claim 2, Plaintiff alleges that the United States permitted an incompetent driver, Frye, to use its vehicle and is liable for such negligent entrustment. Defendant argues that this claim is barred by the discretionary function exception. The FTCA precludes claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." 28 U.S.C. § 2680(a). A government employee's conduct fits within the exception if (1) the action is a matter of choice or judgment for the employee, and (2) the decision is grounded in economic, social or political policy. *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988).

A complaint, to survive a motion to dismiss, must allege facts capable of supporting a finding that "the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *United States v. Gaubert*, 499 U.S. 315, 324-25 (1991); *see Doe v. Holy See*, 557 F.3d 1066, 1084 (9th Cir. 2009) (requiring the pleading of a claim that is facially outside the discretionary function exception). Proposed Claim 2 cannot survive because Plaintiff does not allege that a government employee took action that involved either no judgment or was not grounded in policy as required by the discretionary function exception. *See Gaubert*, 499 U.S. at 332; *Doe v. Holy See*, 557 F.3d at 1084 (complaint must assert that an employee of the

- 4 -

United States' actions allowed for no judgment). The proposed Claim 2 merely alleges the elements of negligent entrustment, which is facially insufficient to remove it from the discretionary function exception. *See Gaubert*, 499 U.S. at 334.

Although the proposed amendment is insufficient, the Court finds Plaintiff should be permitted to attempt an amendment of Claim 2 that will remove it from the discretionary function exception. In an attachment to one of its motion briefs, Defendant acknowledged that, at the time of the accident, CWT participants were not permitted to drive government vehicles. (Doc. 28, Ex. 1 at 2.) Additionally, Veterans Health Administration Handbook 1163.02 forbids CWT participants from driving government vehicles. VHA Handbook 1163.02 § 11(g).[1] If a statute, regulation or policy dictates an employee's required action, the only allowed choice is to comply with the policy; therefore, the discretionary function exception cannot apply because the element of choice is not satisfied. *See Gaubert*, 499 U.S. at 322. Because governing policy dictates that the discretionary function exception does not apply to the facts as alleged by Plaintiff, Plaintiff can amend to allege a facially valid claim under the FTCA. Defendant has not established that amendment as to Claim 2 would be futile. *See Prescott*, 973 F.2d at 702 (government bears the burden of proving the discretionary function exception).

Claim 3

In Claim 3, Plaintiff alleges the United States negligently permitted Frye to drive the vehicle without either proper training or supervision. Government policy prohibited Frye from driving the vehicle. Accordingly, Defendant cannot be liable for not training plaintiff to drive the vehicle. Defendant argues Plaintiff's negligent supervision theory also fails because it falls "squarely within the discretionary function exception." *See Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000). Defendant's argument seems logical because supervisory decisions generally require consideration of policy objectives and priorities. *See Parker v. United States*, 500 Fed. App'x 630, 632 (9th Cir. 2012). This was true in *Nurse*, where the defendants were alleged to have established policies and

---

[1] This handbook is available at:
http://www.va.gov/vhapublications/ViewPublication.asp?pub_ID=2427.

- 5 -

1  supervised in accordance with those policies. *Id.* at 1000. However, *Nurse* is inapposite to
2  the instant facts. Government employee(s) supervising Frye are alleged to have permitted
3  him to drive the vehicle, which was contrary to an established policy. The supervising
4  government employee(s) had no discretion to violate a policy, hence the discretionary
5  function exception cannot apply. *See Gaubert*, 499 U.S. at 322; *Nurse*, 226 F.3d at 1002
6  (recognizing that discretionary function exception does not apply when government
7  actors had no discretion to act as they did).

8  The current proposed version of Claim 3 does not sufficiently remove the
9  negligent supervision claim from the boundaries of the discretionary function exception.
10 However, in light of the above discussion, Plaintiff could amend to allege a facially valid
11 claim. Accordingly, Defendant's assertion that it is futile to permit an amendment fails as
12 to negligent supervision. *See Prescott*, 973 F.2d at 702 (government bears the burden of
13 proving the discretionary function exception).

## RECOMMENDATION

15 Based on the foregoing, the Magistrate Judge recommends the District Court grant
16 Defendant's Motion to Dismiss (Doc. 21) and grant Plaintiff's Motion to Amend (Doc.
17 26), allowing Plaintiff to file an amended complaint alleging negligent entrustment and
18 negligent supervision.

19 Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file
20 written objections within fourteen days of being served with a copy of the Report and
21 Recommendation. A party may respond to the other party's objections within fourteen
22 days. No reply brief shall be filed on objections unless leave is granted by the district
23 court. If objections are not timely filed, they may be deemed waived.

24 Dated this 3rd day of February, 2015.

D. Thomas Ferraro
United States Magistrate Judge